UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

JULIA RAMIREZ,

       PLAINTIFF,

vs.

SALLY BEAUTY SUPPLY LLC,
a Foreign Limited Liability Company,

       DEFENDANT.

_____ /

**COMPLAINT AND REQUEST FOR DECLARATORY RELIEF AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, JULIA RAMIREZ ("Ms. Ramirez" or "Plaintiff"), by and through her undersigned counsel, and sues the Defendant, SALLY BEAUTY SUPPLY LLC ("Defendant" or "SBS") and alleges the following:

1. Plaintiff brings these claims for age discrimination and retaliation against SBS for its disparate treatment and unlawful termination of Plaintiff based upon her age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 626 (b) & (c), and 29 U.S.C. § 623(a)(1), and the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat.

**VENUE AND JURISDICTION**

2. The Court has original jurisdiction over Plaintiff's ADEA claims pursuant to 28 U.S.C. § 1331 as they arise under federal law, and has supplemental jurisdiction over Plaintiff's FCRA claims as they arise out of the same common nucleus of operative facts as the ADEA claims.

3. Plaintiff is, and at all times material was, a resident of Seminole County, Florida, and worked for Defendant in Seminole County, Florida.

4. Venue is therefore proper in the Orlando Division of the Middle District of Florida.

**CONDITIONS PRECEDENT**

5. On or about September 14, 2020, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") alleging age discrimination and retaliation against Defendant.

6. Plaintiff's claims were ripe under the ADEA sixty (60) days thereafter, and became ripe under the FCRA one-hundred and eighty (180) days from the date Plaintiff filed her Charge of Discrimination.

7. Neither the ADEA nor the FCRA require that Plaintiff first receive a Notice of Right to Sue from the EEOC or FCHR once the above time limits have expired for the EEOC/FCHR to render a determination.

8. On or about March 14, 2022, Plaintiff received a "Determination and Notice of Rights" from the EEOC in which the EEOC stated that it "will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute."

9. The aforementioned "Determination and Notice of Rights" continued, "[t]his is official notice from the EEOC of the dismissal of your charge and of your right to sue," and "[y]our right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days."

10. Plaintiff has satisfied all conditions precedent to this matter, and her claims are timely.

## EMPLOYER DEFINITIONS UNDER THE ADEA

11. Ms. Ramirez worked for SBS, most recently as a District Manager, from May 4, 1992, until her termination on March 9, 2020.

12. From January 27, 2008, until her termination on March 9, 2020, Ms. Ramirez served as District Manager of SBS District 364 for SBS.

13. Defendant was an "employer" as defined by the ADEA and the FCRA.

14. At all times relevant, Defendant employed in excess of thirty (30) or more employees.

## STATEMENT OF FACTS

15. At all times material, Plaintiff was a thirty-one (31) and, eventually, a fifty-nine (59) year old woman who worked for Defendant.

16. During her decades with SBS, Ms. Ramirez provided loyal service to SBS and its customers.

17. In late 2019, SBS prosecuted and accelerated a purge of older employees, particularly District Managers, in Florida and more broadly.

18. Indeed, most employees, on any level, with tenure of ten (10) years or more were fired outright or forced out by SBS.

19. In Florida, of the thirteen (13) District Managers fired or forced out by SBS in the recent purge, the vast majority were fifty (50) years of age or older.

20. Most of these District Managers were replaced by significantly younger individuals.

21. During this same period of time, SBS had botched the rollout of new software, called "x-store."

22. In September of 2019, after botching the rollout of the x-store software, SBS intemperately placed every District Manager in Florida, including Ms. Ramirez, on a so-called "performance improvement plan."

23. In response, Ms. Ramirez objected to SBS that its actions constituted discrimination based on age.

24. On December 8, 2019, SBS replaced Ms. Ramirez's departed SBS Regional Manager, Jose Gloria, with Myrlene Gaddy, who was thirteen (13) years

younger than Mr. Gloria.

25. In early 2020, Ms. Ramirez learned of a document penned by SBS District Manager Jose Fraticelli noting that among SBS's most pressing near-term goals was to "get rid of the old people," as per the departed Mr. Gloria.

26. Ms. Gaddy accordingly stepped up SBS's purge of older SBS employees, particularly among management.

27. On March 9, 2020, SBS informed Ms. Ramirez that it had terminated her employment, effective immediately.

28. SBS quickly realized that Ms. Ramirez had been doing the work of two (2) people, and therefore replaced Ms. Ramirez with two (2) individuals, both of whom were significantly younger than Ms. Ramirez.

29. Indeed, after its rash and ill-considered termination of Ms. Ramirez, SBS was forced to split SBS District 364 into multiple Districts, because these significantly younger replacement District Managers were incapable of handling the volume of work that Ms. Ramirez had handled deftly for years.

30. Plaintiff was fired for no reason other than her advanced age.

31. Defendant's reason for Plaintiff's termination was a pretext designed to rid the workplace of an older worker in exchange for younger, less-qualified employees.

32. Defendant did not have a legitimate, non-discriminatory, reason

for terminating Plaintiff.

33. But for Plaintiff's age, Defendant would not have terminated her employment.

34. The persons who discriminated against Plaintiff most severely based on age were decision-makers in terms of the termination of Plaintiff's employment.

35. Plaintiff has suffered damages, including, but not limited to, lost wages and benefits, compensatory damages, and emotional distress damages, as a result of Defendant's actions.

36. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- AGE DISCRIMINATION UNDER THE ADEA

37. Plaintiff realleges and readopts the allegations contained in paragraphs 1-36 of the Complaint, as if fully set forth in this Count.

38. Plaintiff was over forty (40) years old when she was terminated.

39. Plaintiff was not terminated for cause.

40. Plaintiff was terminated only because of her age, and would not have been terminated but for her age.

41. Defendant did not have a legitimate, non-discriminatory reason

for terminating Plaintiff.

42. Plaintiff was replaced by two employees, both of whom were substantially younger than Plaintiff.

43. Plaintiff's job duties were taken over by multiple employees significantly younger than Plaintiff, who were less qualified than Plaintiff.

44. Defendant's termination of Plaintiff was willful and intentional, and evidences a reckless disregard for Plaintiff's rights against age discrimination.

45. Defendant had no good faith basis for terminating Plaintiff based on her age, and Plaintiff is entitled to liquidated damages based on these actions.

46. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

47. Prior to terminating Plaintiff, Defendant did not consult with the EEOC, Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on her age, was in compliance with the ADEA.

## **REQUEST FOR RELIEF- COUNT I**

WHEREFORE, Plaintiff prays that this Court will:

48. Issue a declaratory judgment that the discrimination against

Plaintiff by Defendant was a violation of Plaintiff's rights under the ADEA;

49. Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

50. Grant Plaintiff a judgment against Defendant for all lost wages and compensatory damages, including liquidated damages;

51. Award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADEA.

52. Provide any additional relief that this Court deems just and proper.

**COUNT II – AGE DISCRIMINATION UNDER THE FCRA**

53. Plaintiff realleges and adopts the allegations contained in paragraphs 1-36, as if fully set forth in this Count.

54. Plaintiff was over forty (40) years old when she was terminated.

55. Plaintiff was not terminated for cause.

56. Plaintiff was discriminated against based on her age.

57. Defendant did not have a legitimate, non-discriminatory reason for terminating Plaintiff's employment.

58. Plaintiff was replaced by two employees, both of whom were substantially younger than Plaintiff.

59. Plaintiff's job duties were taken over by multiple employees who were significantly younger than Plaintiff.

60. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against age discrimination under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

61. The discrimination to which Plaintiff was subjected was based on her age.

62. Plaintiff was fired only because of her age, and would not have been fired but for her age.

63. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

64. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter Defendant, and others, from such conduct in the future.

65. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), Fla. Stat.

66. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF AS TO COUNT II

WHEREFORE, Plaintiff prays that this Court will:

67. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

68. Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

69. Grant Plaintiff a judgment against Defendant for damages, including, but not limited to, wage loss, compensatory, and punitive damages;

70. Award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), Fla. Stat.; and

71. Provide any additional relief that this Court deems just and proper.

## COUNT III- RETALIATION UNDER THE ADEA

72. Plaintiff realleges and readopts the allegations contained in paragraphs 1-36 of the Complaint, as if fully set forth in this Count.

73. The acts of Defendant by and through its agents and employees

violated Plaintiff's rights against being retaliated against for opposing age discrimination under the ADEA.

74. The retaliation to which Plaintiff was subjected was based on her expressed opposition to Defendant's illegal age discrimination, and was willful.

75. The conduct of Defendant, its agents, and its employees proximately, directly, and foreseeably injured Plaintiff, including but not limited to lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of consortium, loss of enjoyment of life, and other non-pecuniary losses.

76. Plaintiff is entitled to recover liquidated damages and reasonable attorneys' fees and costs and litigation expenses pursuant to the ADEA.

77. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

### **REQUEST FOR RELIEF- COUNT III**

WHEREFORE, Plaintiff prays that this Court will:

78. Issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADEA;

79. Require that Defendant make Plaintiff whole for her losses

suffered as a result of the retaliation through reinstatement, or, if that is not practical, through an award of front pay;

80. Grant Plaintiff a judgment against Defendant for all lost wages and compensatory damages, including liquidated damages;

81. Award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADEA.

82. Provide any additional relief that this Court deems just and proper.

## COUNT IV- RETALIATION UNDER THE FCRA

83. Plaintiff realleges and readopts the allegations contained in paragraphs 1-36 of the Complaint, as if fully set forth in this Count.

84. The acts of Defendant by and through its agents and employees violated Plaintiff's rights against being retaliated against for opposing age discrimination under the FCRA.

85. The retaliation to which Plaintiff was subjected was based on her expressed opposition to Defendant's illegal age discrimination, and was willful.

86. The conduct of Defendant, its agents, and its employees proximately, directly, and foreseeably injured Plaintiff, including but not limited to lost wages and benefits, future pecuniary losses, emotional pain and

suffering, humiliation, inconvenience, mental anguish, loss of consortium, loss of enjoyment of life, and other non-pecuniary losses.

87. Plaintiff is entitled to recover liquidated damages and reasonable attorneys' fees and costs and litigation expenses pursuant to the FCRA.

88. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

### REQUEST FOR RELIEF- COUNT IV

WHEREFORE, Plaintiff prays that this Court will:

89. Issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

90. Require that Defendant make Plaintiff whole for her losses suffered as a result of the retaliation through reinstatement, or, if that is not practical, through an award of front pay;

91. Grant Plaintiff a judgment against Defendant for damages, including punitive damages;

92. Award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to the FCRA.

93. Provide any additional relief that this Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Dated this 2nd day of May, 2022.

        Respectfully submitted,

        ***/s/Noah E. Storch***
        Noah E. Storch, Esq.
        Florida Bar No. 0085476
        RICHARD CELLER LEGAL, P.A.
        10368 W. State Road 84, Suite 103
        Davie, FL 33324
        Telephone: (866) 344-9243
        Facsimile: (954) 337-2771
        E-mail: noah@floridaovertimelawyer.com

        *Trial Counsel for Plaintiff*